## ST. LANDRY LUMBER CO., Limited, v. AGGERS (MOON OIL CO., Inc., Intervener).

### No. 1077.

Court of Appeal of Louisiana. First Circuit.
April 17, 1933.

Haas & Haas, of Opelousas, and Moss & Siess, of Lake Charles, for appellant.

L. L. Perrault and W. C. Perrault, both of Opelousas, for appellee.

ELLIOTT, Judge.

St. Landry Lumber Company, Limited, alleges that it furnished W. A. Aggers lumber and other material to the amount of $1,100.-02 which was used by him in the construction of an oil derrick and runway on property belonging to S. D. Cochran, an undivided half interest in which was leased by Cochran to Ferguson and assigned by Ferguson to C. P. Siess and others.

That Aggers used said lumber and material in the performance of a contract which he entered into with Siess as trustee and whereby he had bound himself to drill a well on said premises in search of oil and gas. Various acts of lease are annexed to and made part of plaintiff's petition which have no bearing on the question we are called on to decide.

The plaintiff alleges that said lumber and material has not been paid for and that a privilege exists in its favor for the payment of the lumber and material advanced and used for said purpose on the property of Aggers and other persons interested in the drilling contract situated on the leased premises and used in drilling said well.

The plaintiff recovered judgment against Aggers in the lower court as prayed for with recognition of the privilege claimed, caused certain property to be seized in the enforcement of its judgment, and advertised same for sale for the purpose of compelling payment of the amount due it by said Aggers.

Among the things seized and advertised for sale was a drilling rig or outfit composed of two boilers and fillings, 3,800 feet more or less drill pipe, one oil well improved rotary, one Crown Block, one engine, three pumps, and a fuel tank.

Moon Oil Company, Inc., intervened in the suit and opposed the sale of the drilling rig or outfit, claiming that it was the owner thereof and that Aggers had no interest therein. It alleges that said rig was furnished by it to said Aggers at the instance and request of C. P. Siess, trustee; said Siess, trustee, having agreed by written contract to furnish the same to said Aggers; said contract being dated February 9, 1932, and by the terms of which said Aggers agreed to pay all obligations contracted by him in connection with the drilling of said well. This contract is annexed to and made part of the petition of intervention and third opposition.

Intervener and third opponent avers that the plaintiff has no privilege on said rig, etc.; that its rig is not subject to satisfy plaintiff's demand against Aggers.

It prays to be recognized as the owner of said rig; that the seizure thereof be set aside; and that it be restored to intervener and third opponent.

The plaintiff interposed against said petition of intervention and third opposition an exception of no right or cause of action. The exception of no cause of action was sustained and the petition and demand of Moon Oil Company, Inc., was dismissed at its cost.

Moon Oil Company, Inc., has appealed.

The record does not contain the reasons for the judgment rendered except the formal statement in the judgment that the exception was well founded, etc. It is not necessary to discuss an exception of vagueness filed in the case. It was acted on by the court and disposed of satisfactorily. The main argument of the plaintiff, as we read its brief, has to do with a privilege which it claims under Act No. 232 of 1916 and with the stipulation in the act of lease from Moon Oil Company, Inc., to C. P. Siess, trustee, whereby as consideration for the lease of the rig, Moon Oil Company, Inc., was to receive stock in Triple X Oil Corporation, said to be in

process of formation. Plaintiff argues that Moon Oil Company, Inc., due to stipulations in this contract between it and Siess, trustee, must, to the extent necessary for the enforcement of its judgment against said rig, be regarded as bound by its judgment against Aggers. That all facts necessary to that end appear on the face of the petition of intervention and third opposition and from said lease thereto annexed.

█ The contention appears to us to be based on an assumption as true without proof against Moon Oil Company, Inc., of facts alleged against W. A. Aggers. Facts alleged by plaintiff in its petition against W. A. Aggers and on which it bases a privilege against him on account of lumber and material furnished and used in the drilling of a well on the premises described in the petition, do not establish the facts necessary to create a privilege and give it effect against Moon Oil Company, Inc., not a party to that suit, nor held liable therein.

A privilege is not presumed and when denied it can only be claimed and made effective against such party after proof, contradictorily with such party, of facts necessary to its existence.

In this instance, Moon Oil Company, Inc., denies in its petition of intervention and third opposition that plaintiff has any privilege on the property of which it sets up ownership. The plaintiff must therefore allege and, after issue joined on the subject, prove against Moon Oil Company, Inc., that it is the creditor of W. A. Aggers and others interested in drilling the well in question on account of the lumber and material which it furnished him and which was used in the construction of the oil derrick and runway which he constructed and must further and in addition prove the facts necessary to establish the existence and give effect to a privilege against the rig in question. The facts necessary to be established against Moon Oil Company, Inc., do not appear as a proper inference from any recital in the lease from Moon Oil Company, Inc., to C. P. Siess, trustee, concerning the disposition of stock in Triple X Oil Corporation in process of formation, nor from any other facts therein stated.

█ When the plaintiff has answered the petition of intervention and third opposition of Moon Oil Company, Inc., and has pleaded against it the privilege which it claims exists in its favor against the property in question and of which Moon Oil Company, Inc., alleges that it is the owner and has placed before the lower court such evidence as it has in support of the existence of its claims, then the rights of the respective parties can be inquired into and determined by the court.

As it is the ruling subjects the property of which intervener and third opponent alleges that it is the owner to the payment of the amount claimed by plaintiff, without averment and proof against intervener and third opponent of facts necessary to accomplish such a result. Moon Oil Company, Inc., has the right to defeat plaintiff's claim if it can, by proof contradictorily with plaintiff, establishing the averments of its petition.

As for the existence of the privilege claimed by plaintiff, we express no opinion. The petition of intervention and third opposition on the part of Moon Oil Company, Inc., sets forth a cause of action against plaintiff's act in seizing the property in question and undertaking to subject it to the payment of its judgment against Aggers. The exception should have been overruled.

For these reasons the judgment appealed from is annulled, avoided, and set aside. The exception of no right or cause of action filed herein by St. Landry Lumber Company, Limited, against the petition of intervention and third opposition of Moon Oil Company, Inc., is overruled, and the case is remanded to the lower court for further proceedings in the manner and form prescribed by law. St. Landry Lumber Company, Limited, to pay the cost of the exception and the cost of appeal. All other cost to abide the final result of the case.